UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-58-GWU

BURLEY NAPIER, JR.,                                                    PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                  DEFENDANT.

## INTRODUCTION

The plaintiff brought this action under 42 U.S.C. Section 405(g) to obtain judicial review of a final decision by the Commissioner of Social Security concerning the rate at which his Workers' Compensation benefits should be offset against his Social Security benefits. Both sides have moved for summary judgment.

## APPLICABLE LAW

42 U.S.C. Section 424(a) provides that Social Security Disability Benefits may be reduced when a plaintiff is entitled to benefits under a state Workers' Compensation program.[1]

---

[1] Section 424a(a) provides in pertinent part:
 (a) Conditions for reduction; computation.
  If for any month prior to the month in which an individual attains the age of 65–
    (1) such individual is entitled to benefits under Section 423 of this title [disability insurance benefit payments], and
    (2) such individual is entitled for such month to–
      (A) periodic benefits on account of such individual's total or partial disability (whether or not permanent) under a workmen's compensation law of plan of the United States or a State . . . the total of his benefits under Section 423 . . . shall be reduced (but not below zero) by the amount by which the sum of

1

07-58  Napier

As in other administrative appeals, this court's review of the Commissioner's decision is limited to determining whether it is supported by "substantial evidence." Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-69 (6th Cir. 1991).

Section 424(b) provides that if the benefit is payable other than on a monthly basis, such as a lump sum, "the reduction [of Social Security benefits] under this section shall be made at such time or times and in such amounts as the Commissioner of Social Security finds will approximate as nearly as practicable the reduction prescribed by subsection (a)." The offset provision is designed to prevent a claimant from receiving a double recovery from the state and federal governments. Lofty v. Richardson, 404 F.2d 1144, 1146 (6th Cir. 1971).

The Commissioner has promulgated a method for offsetting lump sum benefits in his Program Operations Manual System (POMS) at D1 52001.555C.4. This states in pertinent part:

> LS [Lump Sum] awards will be prorated at an established weekly rate. The priority for establishing weekly rates is as follows:
>
> a. The rate specified in the LS award.
>
> b. The latest periodic rate paid prior to the LS if no rate is specified in the LS award.

---

(3) such total of benefits under Section [ ] 423 . . . for such month, and
(4) such periodic benefits payable (and actually paid) for such month to exceed the higher of–
(5) 80 per centum of his "average current earnings," or
(6) the total of such individual's disability insurance benefits under Sectino 423 of this title for such . . .

2

    c. [T]he state's W[orker's] C[ompensation] maximum in effect on the date of the injury/illness.

## FACTUAL BACKGROUND

The plaintiff, Burley Napier, Jr., applied for Disability Insurance Benefits (DIB) and state Workers' Compensation due to back pain, anxiety, and depression. (Tr. 35, 78). His Workers' Compensation claim was settled for a lump sum of $75,000.00 in an agreement dated June 13, 2003. (Tr. 57-60). He was also awarded DIB in a decision by an Administrative Law Judge (ALJ) on July 30, 2004. (Tr. 35-7).

On March 31, 2005, the Social Security Administration (SSA) notified Mr. Napier that he had been overpaid benefits and his monthly disability benefits would be reduced. (Tr. 39-41). The SSA determined that, since no weekly rate was specified in the award, the lump sum of $75,000.00 would be prorated under Step (b) of POMS DI 52001.555C.4. The latest periodic rate in effect before the lump sum settlement was $469.20 per month. (Tr. 58). Attorney's fees of $8,500.00 and expenses of $1,396.71 could be excluded from the lump sum, however, lowering the weekly offset rate from $469.20 to $407.27. (Tr. 39).

The plaintiff thereupon obtained an amended agreement from the state Department of Workers' Claims, dated July 6, 2005, providing that "for social security purposes" the award should be calculated as extending over the remainder of Mr. Napier's life expectancy of 17 years, or 204 months, at a rate of $319.13 per month. (Tr. 55-6).

After a hearing, a new ALJ issued a decision on August 28, 2006 giving effect to the amended agreement. (Tr. 14-15). However, the Appeals Council concluded that the terms of the amended order were "illusory and clearly are intended to circumvent the workers' compensation offset provisions of Section 224 of the Social Security Act . . . ." (Tr. 8-9). The Appeals Council stated that the ALJ had failed to consider the effect of Social Security Ruling (SSR) 97-3, which provides that the SSA "is not bound by the terms of a second, or amended, stipulation in determining whether, and by what rate, Social Security disability insurance benefits should be offset on account of a workers' compensation lump sum payment." (Tr. 8). The Appeals Council overruled the ALJ and ordered that the Workers' Compensation lump sum be prorated at a rate of $407.27 a week. (Tr. 9).

## DISCUSSION

The plaintiff asserts that the supplemental order of July 6, 2005 should be given effect, as there is no suggestion of fraud or misrepresentation by any of the parties, and the language of the order does not alter any of the terms of the original agreement.

The Commissioner responds that the only purpose served by the supplemental order was to lengthen the period over which the lump sum would be prorated, frustrating the intent of Section 424a, and allowing the plaintiff to receive full Workers' Compensation benefits "unreduced by offset."

07-58 Napier

In addition to providing that the SSA is "not bound by the terms of a[n] . . . amended stipulation," SSR 97-3 states that

> SSA will evaluate both the original and amended stipulations and disregard any language which has the effect of altering the terms in the original lump sum settlement where the terms in the amended document are illusory or conflict with the terms of the first stipulation concerning the actual intent of the parties, and where, as here, the terms in the amended document would have the effect of circumventing the Workers' Compensation provisions of Section 224 of the Act.

The first step, then, would appear to be an examination of the terms of the original settlement agreement from 2003. It provides no information concerning the length of time over which the award would be prorated. It does state that temporary total disability had been paid to date at the rate of $469.20 per week.[2] The percentage of disability in the agreement was said to be "disputed." Although this court has previously noted that Kentucky law provides that benefits for total disability are to be paid for life, Bishop v. Apfel, Pikeville Civil Action No. 95-258 (E.D. Ky. March, 1998), citing Jett v. Peabody Coal Co., 828 S.W. 2d 646 (Ky. 1992), the agreement in this case does not specify whether the disability is total or partial.

Since the "actual intent" of the parties when signing the 2003 agreement is opaque, the Commissioner could reasonably have proceeded to Step (b) of POMS D1 52001.555C.4, "the latest periodic rate paid prior to the [lump sum] . . . award."

---

[2]The plaintiff and his attorney maintained at the administrative hearing that the original intent of the parties was to have the lump sum prorated over Mr. Napier's lifetime (Tr. 363, 367), but this is not apparent from the document executed in 2003.

5

07-58 Napier

Despite the language in SSR 97-3 that the Commissioner is not bound by the terms of a second, or amended, agreement, the plaintiff maintains that the Ruling does not <u>prohibit</u> accepting the terms of the second agreement, and in the absence of any suggestion or fraud by the parties, the decision of the ALJ as a finder of fact should be accepted as well-supported. This court's review is limited to a determination of whether the final administrative decision, in this case by the Appeals Council, is supported by substantial evidence. Although the Commissioner <u>could</u> have given effect to the amended agreement, there is substantial evidence to support his finding that the amended agreement was illusory and would have the effect of circumventing the offset provisions of Section 424(a), even though there was no "fraud" as such.[3]

The decision will be affirmed.

**Signed By:**
<u>G. Wix Unthank</u> 
**United States Senior Judge**

---

[3] As one court put it, "there is a structural incentive in this type of situation for a plaintiff's attorney to insert into the settlement award an unnaturally low monthly rate based on a long time period while, at the same time, there is no incentive for plaintiff's employer to contest the low rate since the employee is presumably only concerned about the bottom line total settlement amount." <u>Halle v. Apfel</u>, 2000 WL 1468759 (N.D. Ill. Sept. 29, 2000).